Caruthers, J.,
delivered the opinion of the Court.
This is an appeal in error 'to reverse a judgment of-the Circuit Court of Roane against the plaintiffs. The suit is for a bill of goods sold by the plaintiffs, who are merchants in Philadelphia, to the defendant, a retail merchant in Loudon. The correctness of the account is not disputed; but the defendant relied and succeeded upon the plea of payment. The fact of payment is not contested, but it is insisted that it was made to a person not authorized to receive it.
The facts are, that one Lillard came to the defendant, and represented himself to be a traveling agent of the plaintiffs’ house, and as such, sold to the defendant, and other merchants of the same place, bills of goods, which were sent in due and proper time, upon his order, *471 and received by them, and when received, they paid him the amount charged. There was no contract or correspondence with the principals, or any directions given by them on the transmission of the goods. The plaintiffs admit that Lillard was their agent to sell, but not to receive payment. He was what is commonly called a “drummer” for eastern merchants.
It being established by his acts, recognized by the plaintiffs in complying with his orders for goods, .and by their express admission, that he was their agent for sales, the only question is, whether the law will imply an authority to accept the payment for the things sold. An agency to sell, without more, must necessarily imply authority to accept payment for the article sold. Authority to do an act, must necessarily embrace all the incidents required to make it perfect and complete. In May vs. Mitchel, 5 Humph., 365, it was held that an agent to sell horses, had not only the power to sell for money, but to sell on a credit, if such was the course of trade in the market. To the same effect is the case in 26 Wendell, 193, (Am. L. C., 546.)
But in this case, it is said there was a limitation of the power, to the act of .selling. So the plaintiffs afterwards declared; but it is not pretended that this was known to the defendant when he bought, or even when he paid for the goods. He was sent out as an agent to sell merchandise, which was uniformly delivered upon his order, without notice of any restriction upon his power, and his authority' to sell was thus fully recognized. Secret instructions, as to the business of an agency, will not affect others, but only serves to raise questions between the agent and principal. But limita *472 .tions -may. Yet in a case like.this, in' order to affect ■.the vendee, it must appear that -at> the.- time- of .the i purchase-, or-.at-least before the payment-of the money ;to 'the. agent, the purchaser had knowledge of the limitation,' otherwise the principals would be bound by his.acts.
The--Jaw' was substantially so charged to the ; jury, and their verdict was right.